## Hammeke *v.* Reading National Bank, Appellant.

*Banks and Banking—Loans—Payment by third party—Collateral securities—Delivery—Damages.*

In an action to recover damages from a bank on the ground that it made an improper and unauthorized delivery to a third person of collateral securities deposited with it by the plaintiff, there can be no recovery, unless it be made to appear that the plaintiff has suffered loss through the alleged wrongful act.

Plaintiff brought suit to recover damages upon the following state of facts. The plaintiff was introduced at defendant bank by a third person, and thereupon procured a loan and opened an account. The loan was not paid at maturity and, being in default, was paid by the third person, who thereby obtained the collateral deposited to secure the loan. Subsequently the third party used this collateral to obtain another loan elsewhere and the plaintiff was required to pay a part of the latter debt in order to regain possession of his securities. The amount thus paid by plaintiff was, however, less than his own original indebtedness. Upon suit against the bank where he pledged the securities, to recover damages for their delivery to the third party, plaintiff obtained judgment. *Held,* reversing the judgment, that the plaintiff failed to show that he had been injured and was not entitled to recover.

Argued December 8, 1921. Appeal, No. 87, Oct. T., 1921, by defendant, from judgment of C. P. Berks Co., May T., 1919, No. 26, for plaintiff in case tried by the court without a jury in suit of William Hammeke v. Reading National Bank. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit to recover value of collateral alleged to have been wrongfully delivered to third person. Before ENDLICH, P. J., without a jury.

The facts are stated in the opinion of the Superior Court.

The court found in favor of the plaintiff in the sum of $553.17, with interest, and entered judgment thereon. Defendant appealed.

*Error assigned* was the order dismissing exceptions to the decision of the court.

*William Kerper Stevens,* for appellant.—A principal cannot avail himself of a benefit of the act of his agent, and at the same time repudiate his authority: Penna. Gas Co. v. Cook, 123 Pa. 183; Wax v. Roydhouse Arey Co., 59 Pa. Superior Ct. 142; Benjamin v. Holgate, 51 Pa. Superior Ct. 104.

*George J. Gross,* for appellee.

OPINION BY HENDERSON, J., March 3, 1922:

The plaintiff and John G. Capallo went to the Reading National Bank where the plaintiff deposited $145 in money and made a loan of $600 on a note signed by himself, to which a certificate for four shares of the Allentown National Bank owned by the plaintiff was attached as collateral. The uncontradicted testimony of the defendant was that Capallo negotiated the loan and attended to all the details for Hammeke in Hammeke's presence. The note was payable in thirty days, but the plaintiff gave no attention to that fact, although notice was sent to him by the bank. On January 3, 1918, Capallo called at the bank and said he was sent there by the plaintiff to take care of the latter's note; he inquired what the plaintiff's balance in the bank was, and was told that it was $45. He then gave the bank $555 of his own money, and requested that the whole amount be applied to the payment of the note and that the collateral certificate be handed to him. This was accordingly done and the plaintiff was credited with the payment of his note. Twelve days later Capallo negotiated a loan of $600 at the First National Bank of Reading and deposited as collateral thereto the shares of the Allentown National Bank which he obtained from the Reading National Bank when the plaintiff's note was paid, together with a United States bond for $50 which he

owned. The plaintiff having learned some time after-ward that his certificate of stock had been delivered by the defendant to Capallo and that it was subsequently used by the latter in securing the loan from the First National Bank arranged for the return of the certificate, and in doing so paid to that bank the sum of $553.17 which was the amount due on Capallo's note after applying his bond of $50 in discharge of that much of the obligation. This action was brought to recover from the defendant the amount paid by the plaintiff to the First National Bank to secure the return of his stock. As the case now stands, the note which he gave to the defendant is paid; he has possession of the stock used as collateral; and has obtained a judgment against the defendant for $533.17. The trial judge before whom the case was heard without a jury held that the delivery of the plaintiff's collateral stock to Capallo was unauthorized; that the use of it by Capallo in the First National Bank was unlawful; and that the defendant was liable because the plaintiff was subjected to the necessity of paying the amount above stated to secure its return. A fact which influenced the mind of the court was this: on the day when the loan was made by the defendant on the plaintiff's note, the latter loaned to Capallo $600. The circumstances and conditions of this loan are not disclosed by the evidence. We are not informed of the time during which it was to continue nor whether it was secured by mortgage, note or otherwise. With respect to this transaction the learned judge says: "That loan has never been repaid, and the plaintiff is out of pocket on account of it to just the amount which he was obliged to pay to the First National Bank of Reading to secure a return of his stock." This was evidently the controlling fact which led the court to enter the judgment complained of. It is not shown nor asserted that the defendant had knowledge of the loan by the plaintiff to Capallo, but if, as is stated by the court, the latter's loan has never been repaid, the plaintiff is in a still more

favorable position for he has all he had when he went to the defendant bank to make the loan, and has in addition a claim against Capallo for $600 and a judgment against the defendant for the amount heretofore stated and has paid out five hundred and fifty-three dollars and seventeen cents and his deposit of forty-five dollars in the defendant bank. There is an error in the process by which the result is obtained. It is one of the admissions of the case that Capallo paid $555 of his own money on the plaintiff's note at the bank. It is not shown nor attempted to be shown that that was a payment on account of the loan of the plaintiff to him. He had the right to apply his money as he pleased. If the plaintiff accepted the benefit of that payment, it is not unreasonable to suppose that Capallo acted for him in discharging the obligation, and it may well be doubted whether the bank was not warranted in assuming that Capallo was acting for the plaintiff inasmuch as it had no information that Capallo had borrowed from the plaintiff. But it is unnecessary to determine the case on this view for the plaintiff had the benefit of the $555 of Capallo's money paid in the bank and of Capallo's $50 United States bond put up as collateral with the plaintiff's stock at the First National Bank. The $553.17 which he was compelled to pay was slightly less than the amount that Capallo contributed. When the transaction was completed he had recovered his stock; his note in the defendant bank was paid; and he had his claim against Capallo for the loan made him in the preceding November. We have no information from the evidence in regard to Capallo's financial condition nor whether the plaintiff has made any effort to collect his loan. The effect of the judgment is to require the defendant to pay the principal part of it. It is clear that no such direct obligation exists on the part of the defendant and we think such a result cannot be worked out indirectly. It cannot be correctly said that the plaintiff is "out of pocket." He intended to make the loan to Capallo, and the defendant

had no part in that transaction or knowledge of it. The defendant was not put on notice of any fact which would lead it to suppose the transaction with it would prevent the plaintiff from collecting his debt from Capallo, and unless it can be shown that he sustained a loss by the delivery of his collateral to Capallo, he is not entitled to recover from the defendant; and unless the loan to Capallo is to be worked into the problem, no loss has been sustained. Our conclusion is that the defendant's liability has not been established.

The judgment is, therefore, reversed.